The Honorable Boyd Hickinbotham State Representative P.O. Box 326 Salem, AR 72576-0326
Dear Representative Hickinbotham:
You have presented the following question for my opinion:
 Can an individual who has been convicted of felony sexual assault on a minor be employed at a local senior citizens' center as a janitor?
RESPONSE
It is my opinion that the answer to this question will depend upon the particular nature of the senior citizens' center.
In common parlance, the term "senior citizens' center" refers to a facility to which senior citizens go for the purpose of participating in various social and educational activities for enjoyment. If the senior citizens' center that is the subject of your question is the type of social facility normally referred to in common parlance by the term "senior citizens' center," it is not prohibited by any law from employing an individual who has been convicted of felony sexual assault on a minor.
However, if the senior citizens' center is one that provides necessary care, assistance, and supervision to senior citizens, and is required to be licensed by the state to do so, it may be prohibited from employing this person. For example, if the senior citizens' center is a "qualified entity" that provides "care" to senior citizens pursuant to the requirements of A.C.A. § 20-33-201 et seq., it is generally prohibited from employing such an individual, see A.C.A. § 20-33-205, although certain exceptions may apply, depending upon certain facts about the conviction, see A.C.A. § 20-33-205(d)(1). Similarly, if the senior citizens' center is a "service provider" that provides services to disabled adults pursuant to A.C.A. § 20-48-801 et seq., it is generally prohibited from employing such an individual, see A.C.A. § 20-48-804, although again some exceptions may apply, depending upon the facts surrounding the conviction, see A.C.A. § 20-48-804(c)(1). These are only examples; other provisions of law may be applicable. I cannot thoroughly evaluate the provisions of law that may apply to the senior citizens' center in question without knowing more information about the nature of the center. I simply note these examples for the purpose of alerting the center of the importance of consulting with its private counsel to determine whether it is subject to any prohibitions of this nature. I reiterate that the senior citizens' center may not be subject to any prohibitions of this nature.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General